# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EZEKIEL ADAIR,            ) | |
|                    ) | |
|          Plaintiff,    ) | |
|                    ) | |
| vs.                    ) | Case No. 14-1174-EFM-KGG |
|                    ) | |
| WICHITA PUBLIC SCHOOLS    ) | |
| (USD 259)             ) | |
|                    ) | |
|         Defendant.    ) | |
| _____ ) | |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court Complaint alleging discrimination and harassment based on his race as well as retaliation, libel, and slander, Plaintiff Ezekiel Adair has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed). He also has filed a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1), the Court is prepared to rule.

## I.      Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 27 years old and single.  (Doc. 3-1, at 1.)  He lists two dependents for whom he owes monthly child support, including a significant amount that is past due.  (*Id.*, at 2, 5.)  He is not employed, but lists an amount received in unemployment benefits as well as a small amount from "other sources" over the past 12 months.  (*Id.*, at 4-5.)

Plaintiff does not own real property or an automobile.  (*Id.*, at 3-4.)  He indicates only a small amount of cash on hand.  (*Id.*, at 4.)  He pays a modest amount in monthly rent and enumerates reasonable monthly expenses, including

groceries, gas, and telephone.  (*Id.*, at 5.)  He also has significant student loans.
(*Id.*)  He has not filed for bankruptcy.  (*Id.*, at 6.)

Considering all of the information contained in the financial affidavit,
Plaintiff has reasonable monthly expenses and financial obligations with no
income.  Thus, the Court finds Plaintiff has established that he is entitled to file this
action without payment of fees and costs.  The Court **GRANTS** Plaintiff leave to
proceed *in forma pauperis* and directs that this case be filed without payment of a
filing fee.

## II.     Motion for Appointment of Counsel.

The Tenth Circuit has identified four factors to be considered when a court is
deciding whether to appoint counsel for an individual: (1) plaintiff's ability to
afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of
plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without
the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985)
(listing factors applicable to applications under the IFP statute); ***Castner v.
Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing
factors applicable to applications under Title VII).  Thoughtful and prudent use of
the appointment power is necessary so that willing counsel may be located without
the need to make coercive appointments.  The indiscriminate appointment of

3

volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Having granted Plaintiff *IFP* status, *supra*, the Court finds that he has a limited ability to afford counsel, satisfying the first *Castner* factor. Plaintiff has been diligent in his search for counsel, the second *Castner* factor. (*See* Doc. 4.) Although the Court has some concerns regarding the viability of Plaintiff's claims, the Court sees no basis to recommend dismissal to the District Court on the face of Plaintiff's federal court Complaint, satisfying the third factor. (Doc. 1.) The Court thus addresses the fourth *Castner* factor – Plaintiff's capacity to represent himself. 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this employment discrimination case are not unusually complex. *Cf. **Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims

in Courts throughout the United States on any given day.  To the contrary, Plaintiff
has shown his ability to represent himself by navigating the agency charging
procedure and drafting his federal court Complaint, which set out the operative
facts to support his claims.  (*See generally*, Doc. 1.)  Further, although Plaintiff is
not trained as an attorney, and while an attorney might present his case more
effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual
with the ability to gather and present facts crucial to his case.  As such, his Motion
to Appoint Counsel is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed
Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue
summons in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of
Counsel (Doc. 4) is **DENIED**.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 20th day of June, 2014.

/S KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge