# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EZEKIEL ADAIR,

      *Plaintiff,*

  vs.                                                          Case No. 14-1174-EFM-KGG

WICHITA PUBLIC SCHOOLS UNIFIED
SCHOOL DISTRICT No. 259, ET AL.,

      *Defendants.*

## MEMORANDUM AND ORDER

Pro se Plaintiff Ezekiel Adair brings suit against his former employer, Wichita Public Schools Unified School District 259 ("USD 259"), as well as several employees of USD 259. Defendants have filed a Motion for Summary Judgment (Doc. 56). Plaintiff has also filed a Motion for Summary Judgment (Doc. 54). Because the Court finds that Plaintiff does not provide evidence demonstrating genuine issues of fact on his alleged claims, the Court grants Defendants' motion and denies Plaintiff's motion.

## I.     Factual and Procedural Background[1]

### Local Rules for Summary Judgment

Plaintiff filed a Motion for Summary Judgment. The required rules for summary judgment motions in the District of Kansas are set forth in D. Kan. Rule 56.1.  Under that rule, a

---

[1]  In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts.

party is required to set forth a concise statement of material facts in separately numbered paragraphs and must refer to the record with particularity.[2] "All facts on which a motion or opposition is based must be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories, and responses to requests for admissions."[3] Although Plaintiff is pro se and afforded some leniency in his filings,[4] he is still expected to "follow the same rules of procedure that govern other litigants."[5] In this case, Plaintiff's facts are not supported by competent evidence as he wholly failed to comply with the District of Kansas rules for summary judgment motions. He does not cite to the record with particularity because he does not cite to *any* admissible evidence.[6] Thus, Plaintiff failed to provide any facts to support his argument that he is entitled to summary judgment.

Defendants also filed a Motion for Summary Judgment. "All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."[7] Plaintiff failed to respond to Defendant's Motion for Summary Judgment. Accordingly, all of Defendants' supported facts are uncontroverted. The Court sets forth below the uncontroverted, material facts.

---

[2] D. Kan. Rule 56.1(a) and (b)(2).

[3] D. Kan. Rule 56.1(d).

[4] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

[5] *Id.* (citation omitted).

[6] Plaintiff provides no citations to the record.

[7] D. Kan. Rule 56.1(a).

*Facts*

Plaintiff Ezekiel Adair was hired by USD 259 on approximately January 9, 2013, and he began work as a para-educator at Southeast High School. On August 1, 2013, Plaintiff was given a temporary assignment as Coach Aide. On September 4, 2013, Plaintiff did not show up for work and did not call to advise that he was not coming, which is referred to as a "no call, no show," until approximately 8:15 a.m.

It is district policy to begin work as soon as the individual clocks in. Assistant Principal George Fulton was made aware that Plaintiff was improperly following the policy. Assistant Principal Fulton discussed and clarified the attendance policy and clocking procedure with Plaintiff on September 5, 2013. On September 11, 2013, Plaintiff again "no called, no showed" for work until approximately 9:08 a.m.

On September 13, 2013, Plaintiff had a meeting with Assistant Principal Fulton and Principal Leroy Parks in which they discussed proper clocking procedure again. Specifically, Principal Parks told Plaintiff that when he clocked in that he needed to report for his duties and not return to his car because that was cheating the time clock. On September 17, 18, 19, and 24, Plaintiff was observed returning to his car after clocking in, which prompted another meeting on September 27, 2013. During this meeting, Plaintiff met with Assistant Principal Fulton and Principal Parks. Plaintiff was placed on paid leave at the conclusion of this meeting for exhibiting behavior prohibited by district policy and being insubordinate.

On October 11, 2013, Plaintiff met with Principal Parks, Assistant Principal Fulton, Angela Brown, and his union representative Teresa Sanchez for a personnel conference. At this meeting, Plaintiff apologized for his actions. At the conclusion of the meeting, Plaintiff stated that he understood all of his job requirements and the clocking procedure.  Plaintiff signed the

Personnel Conference Summary and was placed on a 90-day probation. After the conference, Plaintiff continued all of his regular job duties. He did not complain about his work environment or tell anyone that he was thinking about resigning.

Plaintiff submitted a resignation letter to Principal Parks on October 25, 2013, stating that his last day of work was November 8, 2013. Plaintiff could not continue his coaching duties because he resigned from his employment with USD 259. No statements were made to the public at large about Plaintiff's employment at Southeast High School or Plaintiff's resignation.

Plaintiff declined a job offer at Northwest High School, part of Defendant USD 259, after resigning employment with USD 259. He then worked in an oil field for Atlas Drilling. Plaintiff currently works for Uplift School District in Dallas, Texas, as a substitute teacher and as a referee and mentor for Life, Inc., a group home for boys.

On June 16, 2014, Plaintiff filed a form Complaint, with an attached eight-page typed complaint, against Defendant USD 259; Leroy Parks, Principal of Wichita Southeast High School; and Christopher Asmussen, Teacher and Head Football Coach of Wichita Southeast High School. It appeared that he alleged several discrimination claims and a defamation claim. Defendants filed a Motion to Dismiss, which the Court granted in part and denied in part. Specifically, the Court dismissed Plaintiff's hostile work environment and racial harassment claims. The Court allowed Plaintiff's defamation and retaliation claims to remain based on a liberal reading of the Complaint.

Defendants now seek summary judgment on those claims. Plaintiff also seeks summary judgment, but it is not clear as to why (or to what claim) he seeks summary judgment.[8] The Court addresses these motions below.

## II.    Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[9] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[10] The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[11]  If the movant carries this initial burden, the nonmovant that bears the burden of persuasion at trial may not simply rest on its pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[12] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[13] The Court views all evidence and reasonable

---

[8] Plaintiff states that "[t]he purpose of this motion is with the plaintiff's factual claims and assertions prove that any reasonable person would see that the defendant Leroy Parks actions were adverse, unfavorable, poor, and unsympathetic." Plaintiff's Motion for Summary Judgment, Doc. 54, p. 2, ¶ B.

[9] Fed. R. Civ. P. 56(c).

[10] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[11] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[12] *Id.* (citing Fed. R. Civ. P. 56(e)).

[13] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

inferences in the light most favorable to the party opposing summary judgment.[14] Though the parties in this case filed cross-motions for summary judgment, the legal standard remains the same.[15]  Each party retains the burden of establishing the lack of a genuine issue of material fact and entitlement to judgment as a matter of law.[16]

### III.    Analysis

Plaintiff alleges a defamation claim against Defendant Leroy Parks. Defendants assert numerous reasons as to why Plaintiff's defamation claim fails.  The Court will only address Defendants' argument that Plaintiff's claim has no merit.

In Plaintiff's Complaint, he alleged as his first cause of action:

> The defendant is claimed to have violated school district policies and procedures with the mistreatment of the plaintiff. The defendant submitted false documents, untrue statements and would go as far as defaming the character of the plaintiff. The defendant demoted, bullied, ridiculed, harassed and humiliated the plaintiff, in which, causing emotional stress and physical damage to the plaintiff.[17]

Plaintiff also asserted that during his unemployment process with the Kansas Department of Unemployment, Defendants defamed him. He also alleged that Principal Parks would not recommend re-employment for any district position.

As noted above, Defendants previously filed a Motion to Dismiss. In liberally construing the Complaint, the Court allowed Plaintiff's defamation claim to proceed because it appeared as though Plaintiff alleged that false words were communicated to the Kansas Department of Unemployment and to potential employers. Defendants point out on summary judgment that

---

[14] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[15] *City of Shawnee v. Argonaut Ins. Co.*, 546 F. Supp. 2d 1163, 1172 (D. Kan. 2008).

[16] *United Wats, Inc. v. Cincinnati Ins. Co.*, 971 F. Supp. 1375, 1381-82 (D. Kan. 1997) (citing *Houghton v. Foremost Fin. Servs. Corp.*, 724 F.2d 112, 114 (10th Cir. 1983)).

[17] Complaint, Doc. 1, p. 12.

Plaintiff never produced this allegedly defamatory document and does not identify this document in the record or to the Court. Plaintiff failed to respond to Defendants' motion. Thus, this alleged contention is unsupported by record evidence. The evidence in this case also demonstrates that Plaintiff was offered another position by USD 259, which completely contradicts Plaintiff's factual allegations in his Complaint.

Defendants speculate that Plaintiff's defamation claim could be based on one or two other documents in his personnel file. Again, however, Plaintiff failed to respond and does not direct the Court to any evidence supporting his contention of false and defamatory statements or to whom these allegedly false and defamatory statements were made.[18] "The elements of defamation include false and defamatory words, communicated to a third person, which results in harm to the reputation of the person defamed."[19] In Kansas, "damage to one's reputation is the essence and gravamen of an action for defamation. Unless injury to reputation is shown, plaintiff has not established a valid claim for defamation, by either libel or slander, under our law."[20] In this case, Plaintiff fails to direct this Court to *any* evidence supporting his claim or demonstrating a genuine issue of material fact as to a defamation claim. Thus, Defendants are entitled to summary judgment on this claim.

With regard to Plaintiff's retaliation claim, Defendants also assert numerous reasons as to the invalidity of the claim. First, and foremost, Plaintiff apparently did not include this claim in

---

[18] The Court appreciates Defendants' effort in trying to construe Plaintiff's defamation claim, but Defendants are not required to manufacture Plaintiff's theory of recovery.

[19] *Droge v. Rempel*, 39 Kan. App. 2d 455, 459, 180 P.3d 1094, 1097 (2008) (citation omitted).

[20] *Gobin v. Globe Publ'g Co.*, 232 Kan. 1, 6, 649 P.2d 1239, 1243 (1982).

the Pretrial Order.[21] Claims that are not included in a pretrial order are waived.[22] Thus, Plaintiff has waived a retaliation claim, and the Court grants Defendants' Motion for Summary Judgment on this claim.

With regard to Plaintiff's Motion for Summary Judgment, as noted above, Plaintiff's motion wholly fails to comply with the District of Kansas's rules for summary judgment requiring appropriate citations to the record of admissible evidence. Thus, there is no evidence for the Court to consider with regard to Plaintiff's motion. Accordingly, the Court denies Plaintiff's motion.[23]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 54) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 56) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 7th day of August, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[21] *See* Pretrial Order, Doc. 50.

[22] *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002).

[23] Plaintiff also states in his motion that he would like to request a motion for default judgment. Plaintiff provides no legitimate reason for this request.